B. H. Lynn *v.* Geo. Beatty.

## B. H. LYNN *v.* GEO. BEATTY.

COMPROMISE. *Duress. Evidence of not admissible. When.* In the absence of threats of any sort, and there being no special evidence of duress prior to a compromise, it is incompetent to admit testimony, that after the compromise threats had been made against the plaintiff touching the litigation.

FROM OVERTON.

Appeal from the Circuit Court. W. W. GOOD-PASTURE, Judge.

J. H. WENDLE for Lynn.

J. D. GOODPASTURE for Beatty.

SNEED, J., delivered the opinion of the Court.

This is an action of trover for the conversion of a horse. The verdict below was for the plaintiff, and the defendant appealed in error. It seems that the plaintiff Lynn had possession of the horse in controversy, and the defendant Beatty had brought his action of replevin to recover him before a justice. The parties met together and settled this controversy before trial, the plaintiff Lynn agreeing to surrender the horse to Beatty, and the latter agreeing to pay the costs of that proceeding, which he did. Afterwards, Lynn brought this action of trover against Beatty for the alleged conversion of the same animal, and Beatty relies

B. H. Lynn *v.* Geo. Beatty.

on the former compromise and settlement as a defence to the action. On the part of Lynn it is contended, and sought to be shown, that he agreed to the said compromise because he was afraid of the consequences of further contending for the horse, from the violence of certain Union men in the vicinity who were connected with Beatty, and who would, perhaps, espouse his quarrel.

It is shown, however, that the defendant Beatty is a "clever and peaceable" man, to adopt the words of the witnesses, that no threats of any sort were made against Lynn by any one prior to the compromise, and no special evidences of duress then existing. On the contrary, the plaintiff admits that he surrendered the horse willingly, but alleges that he did so because he believed that at the time he had no chance. It is shown that much terror existed in the country at that time, on account of the lawless conduct of certain men, some of whom were related to defendant Beatty. Under this state of facts, in the absence of any proof of duress prior to the compromise, the Court overruled the objections of defendant, and permitted proof to be adduced, that after the compromise threats had been made against the plaintiff Lynn touching the litigation. This was error.

Reverse the judgment.